# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER,<br><br>        Plaintiff,<br><br>v.<br><br>POLICE CHIEF JOHN DOE, et al.,<br><br>        Defendants. | CASE NO. 1:19-cv-01546-LJO-SKO<br><br>**FIRST SCREENING ORDER**<br><br>**(Doc. 1)**<br><br>**21-DAY DEADLINE** |

## I. INTRODUCTION

Plaintiff, Harold Walker, is a prisoner in the custody of Fresno County Jail. On October 31, 2019, Plaintiff, proceeding pro se, filed a civil complaint against eight officers of the Fresno Police Department and three employees of Grocery Outlet. (Doc. 1 ("Compl.").) Plaintiff purports to allege causes of action under 42 U.S.C. § 1983 ("Section 1983") for "making false statement[s] to police," false arrest, "false prosecution," excessive force, and municipal liability in violation of his Fourth and Fourteenth Amendment rights and rights under the California Constitution. (*Id.* at 5–7.) Plaintiff seeks compensatory and punitive damages in the amount of $98,000,000. (*Id.* at 8.) Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on November 5, 2019. (Docs. 2 & 3.)

Plaintiff's complaint is now before the Court for screening. The Court finds Plaintiff may be able to state some cognizable claims. However, as discussed more fully below, the Court cannot

determine whether his claims are barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). Thus, Plaintiff is provided the pleading and legal standards for his claims and is granted leave to file a first amended complaint.

### A. Screening Requirement and Standard

The Court is required to screen complaints in cases where the plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 28 U.S.C. § 1915(e)(2)(B). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

The Court's screening of the complaint is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what Plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### B. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since Plaintiff is appearing *pro se*, the Court must

construe the allegations of his complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted).

### 2. Linkage Requirement

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of [S]ection 1983, if she does an affirmative act, participates in another's affirmative acts or omits to perform an act which she is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). To state a claim for relief under Section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Plaintiff must clearly identify which Defendant(s) he believes are responsible for each violation of his constitutional rights and the supporting factual basis because his complaint must put each Defendant on notice of Plaintiff's

claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

## II. DISCUSSION

### A. Plaintiff's Allegations

Plaintiff alleges that on the evening of September 22, 2019, after purchasing items at Grocery Outlet, he was approached in the parking lot by Defendant Andrew Mena, the manager of Grocery Outlet, and was accused of shoplifting items from the store. (Doc. 1 ("Compl.") at 5.) Plaintiff then returned inside the store and spoke with Defendant Jasmine Arreola, a Grocery Outlet cashier. Plaintiff asked Defendant Arreola "the name of the man who came outside and accused me of stealing from the store because he was defaming my name." (*Id.*) According to Plaintiff, Defendant Mena then called the police and reported Plaintiff was "harassing the staff." (*Id.*)

Plaintiff alleges that later in the evening Defendants Fresno Police Officers Jason Laird and Yanet Santiago made contact with him while he was in his vehicle. (Compl. at 3, 6.) According to Plaintiff, when Plaintiff exited the car, Defendant Laird ordered Plaintiff to "get on your [expletive] knees." (*Id.*) When Plaintiff leaned against his car, Defendant Laird fired his taser gun at him, causing him to fall to the ground. (*Id.*) Plaintiff alleges that Defendants Laird and Santiago, as well as other unknown Fresno Police Officers, "began kicking and kneeing" him. (*Id.*) According to Plaintiff, Defendant Laird kept yelling at him to "stop resisting," picked him up "about 3 feet off the ground," and "drop[ped] [him] face first on the ground causing head, neck, and back injuries." (*Id.*)

Finally, Plaintiff alleges that at the time of the above-described incident, "Defendant" had customs, practices, and policies of "allowing police officers to cover up excessive use of force," "allowing an ongoing pattern of deliberate indifference" to the rights to be free from excessive force and unreasonable seizures, and "failing to provide criteria for the use of excessive and unnecessary force." (*Id.* at 7.)

Plaintiff claims that Defendants Arreola's and Mena's "false statements" caused his civil and constitutional rights to be violated "by the Fresno Police and the City of Fresno," including his right to be free from illegal arrest, excessive force, and unlawful prosecution. (*Id.* at 5–7.)

///

**B. Section 1983 Claim Against the Grocery Outlet Defendants**

Plaintiff's complaint fails plausibly to allege that Defendants Arreola and Mena acted under color of state law—an essential element to the maintenance of a Section 1983 claim.

**1. Pertinent Law**

To state a claim under Section 1983, a plaintiff must allege a deprivation of a constitutional right under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). An individual defendant is not liable for a civil rights violation unless the facts establish that the defendant's personal involvement in some constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989); *Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir. 1978); *see also Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (person deprives another of constitutional right if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes deprivation of which plaintiff complains) (citation omitted). Supervisory personnel generally are not liable for civil rights violations on any theory of respondeat superior or vicarious liability in the absence of law imposing such liability. *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991); *Hansen*, 885 F.2d at 645–46. A supervisor is liable for constitutional violations of a subordinate only "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Private individuals and entities not affiliated with a state or municipal government generally do not act "under color of state law." *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) ("We start with the presumption that conduct by private actors is not state action."); *Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law."). While such private parties may a cause a deprivation of a constitutional right, they are not subject to Section 1983 liability unless (1) they acted under color of law, and (2) their conduct was properly attributable to the government. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Associates & Aldrich Co. v. Times Mirror Co.*, 440 F.2d 133, 134–36 (9th Cir. 1971) (violations of certain constitutional rights actionable under federal law

only when accomplished by one who is clothed with authority of state and purporting to act thereunder) (citations and internal quotations omitted); *see also Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936–37 (1982) (private corporation does not act under color of law unless its actions are fairly attributable to the government).

The actions of a private individual or entity may properly be attributed to the government for purposes of Section 1983 if at the time of an alleged constitutional violation (1) the private actor was performing a public function; (2) the private actor was engaged in joint activity with the government; (3) the private party acted under governmental compulsion or coercion; or (4) there was a sufficient nexus between the government and the private actor. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (recognizing "at least four . . . tests" for determining whether private conduct amounts to state action) (citations and quotation marks omitted). Plaintiff has the burden to establish state action under one of the foregoing tests. *Florer*, 639 F.3d at 922; *see also Kirtley*, 326 F.3d at 1092 ("Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists.").

### 2. Analysis

Here, Plaintiff does not plausibly allege that the conduct of Defendants Arreola and Mena—private grocery store employees—amounted to state action under any of the foregoing tests.

First, under the "public function test," private individuals or entities are deemed to be state actors for purposes of Section 1983 when they perform a public function that is "both traditionally and exclusively governmental." *Kirtley*, 326 F.3d at 1093 (citations and internal quotation marks omitted). Here, even assuming that Defendant Mena suspected and accused Plaintiff of shoplifting, the complaint does not plausibly allege that Defendant Mena acted pursuant to an exclusive governmental function (*e.g.*, "the police power") at any time during his encounter with Plaintiff. *See, e.g., Kidd v. Marshalls of California*, LLC, No. SA CV 11–1536–PSG (PJW), 2012 WL 833027, *2 (C.D. Cal. Jan. 17, 2012) ("seizing and detaining shoplifters is not a traditional government function [under California law]") (citations omitted). *See also White v. Scrivner Corp.*, 594 F.2d 140, 142 (5th Cir. 1979) ("A merchant's detention of persons suspected of stealing store property simply is not an action exclusively associated with the state.").

Second, a private individual may be liable under Section 1983 if she commits constitutional violations as part of a conspiracy or joint action with a state actor. *See DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) ("Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of [Section] 1983 actions.") (citation omitted); *Kirtley*, 326 F.3d at 1093 (private individual acts "under color of state law" where "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity"); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (private individual found liable under Section 1983 based on conspiracy with state actor—*i.e.*, entry into "an agreement or meeting of the minds" with the police to violate plaintiff's constitutional rights) (citation and internal quotation marks omitted). Joint action requires "a substantial degree of cooperative action." *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989).

Here, the complaint contains no allegations which plausibly suggest that Defendants Arreola and Mena cooperated in any way with a state actor, much less engaged in a conspiracy with any state actor to violate Plaintiff's constitutional rights. *Cf., e.g., Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 899–900 (9th Cir.2008) (granting summary judgment in favor of defendant private employees of event organizer who requested that the plaintiff and other petition gatherers be removed from public sidewalk where the plaintiff presented no evidence that defendants "did anything more than summon police"); *Collins*, 878 F.2d at 1154–56 (court determined under joint action test that defendants private women's health center and its employees who made citizen's arrests of antiabortion protesters did not act "under color of state law" where (1) impetus for the citizen's arrests came from the defendants, not the police; (2) "the police officer refused, after conducting an independent investigation, to arrest the protesters on his own authority"; and (3) "the police maintained a policy of neutrality in the dispute" between the defendants and the plaintiffs).

Finally, similarly, the complaint does not plausibly allege that Defendants Arreola's and Mena's private conduct was effectively converted into government action due to governmental compulsion/coercion or a nexus between them and any governmental entity. *See, e.g., Kirtley*, 326 F.3d at 1094 ("The compulsion test considers whether the coercive influence or 'significant

encouragement' of the state effectively converts a private action into a government action.") (citation omitted); *Gorenc v. Salt River Project Agric. Improvement & Power Dist.*, 869 F.2d 503, 506 (9th Cir. 1989) ("The nexus test inquiry asks 'whether there is a sufficiently close nexus between the State and the challenged action of the [private] entity so the action of the latter may be fairly treated as that of the state itself.'") (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)).

### C. Claims Against Defendants J. Garcia, Adam Estrada, Jose Arellano, Primitiv Diaz, and Janet May

Plaintiff also fails to state a claim against Defendants J. Garcia, Adam Estrada, Jose Arellano, Primitiv Diaz, and Janet May, who he alleges are all employees of the Fresno Police Department. (Compl. at 3–4.) Although these individuals are named defendants in the complaint, none of Plaintiff's causes of action appears to assert any claims against any of these defendants. To state a claim under Section 1983, Plaintiff must allege the deprivation of a constitutional right by a person acting under color of law. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir.2003). None of Plaintiff's causes of action allege wrongdoing by these defendants. The Court, in an abundance of caution, grants leave to amend. However, Plaintiff is strongly advised to omit claims against any defendant in any future complaint for which Plaintiff cannot allege a factual basis for liability.

### D. Fourth Amendment Excessive Force Claim

The use of excessive force by law enforcement officers in effectuating an arrest states a valid claim under Section 1983. *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986). Excessive force claims that arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard.[1] *See Graham v. Connor*, 490 U.S.

---

[1] Plaintiff appears to attempt to allege a claim for excessive force under Eighth Amendment. (*See* Compl. at 8.) The Eighth Amendment prohibits excessive bail, fines or cruel and unusual punishment. Such protections were designed to protect those convicted of crimes. *Bell v. Wolfish*, 441 U.S. 520, 535, n.16 (1979); *Ingraham v. Wright*, 430 U.S. 651, 664 (1977) (The Eighth Amendment applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."). Based on Plaintiff's allegations, there is no indication that he was entitled to Eighth Amendment protections at the time of the incident. Because Plaintiff was not a convicted prisoner at the time, the Fourth Amendment rather than the Eighth Amendment protects Plaintiff from the use of excessive force. *See Graham v. Connor*, 490 U.S. 386, 393 & n.6 (1989) (Fourth and Eighth Amendment "primary sources of constitutional protection against physically abusive governmental conduct"; where excessive force claim arises in the context of effecting arrest it is properly characterized as invoking the protections of the Fourth Amendment); *Reed v. Hoyt*, 909 F.2d 324, 329 (9th Cir.1989), cert. denied, 501 U.S. 1250 (1991) ("[E]xcessive force claims arising before or

386, 394–95 (1989). The reasonableness inquiry in excessive force cases is an objective one, the question being whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation, and without the "20/20 vision of hindsight." *See id.* at 396–97.

Plaintiff's allegations that Defendant Laird tased Plaintiff, and that Defendants Laird and Santiago were "kicking and kneeing" him may be sufficient to state a cognizable claim against Defendants Laird and Santiago for excessive force. However, as discussed more fully below, the Court cannot determine whether this claim is barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). Plaintiff will be given an opportunity to amend his claim.

### E. Fourth Amendment False Arrest Claim

A claim for false arrest can be the basis for compensatory relief under Section 1983 as a Fourth Amendment violation, when the arrest is alleged to have been made without probable cause or justification. *Dubner v. City and County of San Francisco,* 266 F.3d 959, 964 (9th Cir. 2001). To state a claim under Section 1983 for false arrest, however, a plaintiff must allege facts to support a lack of probable cause for his arrest. *See Cabrera v. City of Huntingdon Park,* 159 F.3d 374, 380 (9th Cir. 1998) (citing *George v. City of Long Beach,* 973 F.2d 706, 710 (9th Cir. 1992)). Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime." *Barlow v. Ground,* 943 F.2d 1132, 1135 (9th Cir. 1991).

Here, Plaintiff has failed to allege facts to support a lack of probable cause for his arrest by any specified defendant. Even if Plaintiff had alleged sufficient facts to state a claim, however, these claims are likely barred under *Heck*.

### F. Fourth Amendment "Unlawful Prosecution" Claim

To prevail on a Section 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Awabdy v. City*

during arrest are to be analyzed exclusively under the fourth amendment's reasonableness standard rather than the due process standard . . . .").

9

*of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). *See also Usher v. City of L.A.*, 828 F.2d 556, 562 (9th Cir. 1987) (a malicious prosecution claim is not generally cognizable federally if the state judicial system provides a remedy, but "an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights."). In addition, to prevail on a malicious prosecution claim under Section 1983, the plaintiff must establish that the prior proceedings terminated in such a manner as to indicate his innocence, *and that charges were not withdrawn on the basis of a compromise among the parties*. *Awabdy*, 368 F. 3d at 1068 (emphasis added). *See also Sanders v. Matthew*, No. 15-CV-395 LJO-EPG, 2016 WL 7210115, at *4 (E.D. Cal. Dec. 12, 2016) (dismissing the plaintiff's malicious prosecution claim where the plaintiff pleaded *nolo contendere* to a misdemeanor charge, resulting in a felony charge being dismissed, because the allegations showed that the proceedings had not "terminated in such a manner as to indicate his innocence.")

The filing of false reports during a criminal proceeding may be brought as a malicious prosecution claim. A claim for malicious prosecution or abuse of process is not generally cognizable under Section 1983 if a process is available within the state judicial system to provide a remedy. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987) (citations omitted). The exception is "when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to denial of constitutional rights." Id. (citations omitted). Malicious prosecution actions are not limited to suits against prosecutors, but also may be "brought against other persons who have wrongfully caused the charges to be filed." *Awabdy,* 368 F.3d at 1066. (citing *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1126–27 (9th Cir. 2002)). *See also Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007) ("[a] police officer who maliciously or recklessly makes false reports to the prosecutor may be held liable for damages incurred as a proximate result of those reports").

As with his alleged false arrest claim, Plaintiff has failed to allege facts against any defendant to support a lack of probable cause for his malicious prosecution. Moreover, to the extent Plaintiff contends any defendant is liable for making false statements, he has not alleged facts to support such

a claim, in that he fails to plead facts sufficient to show that any defendant made any false statements for the purpose of denying Plaintiff equal protection or another specific constitutional right. Even if Plaintiff had alleged sufficient facts to state a claim, however, these claims are likely barred under *Heck*.

### G. Fourteenth Amendment

Without supporting facts, Plaintiff appears to allege that unspecified defendants violated his rights under the Fourteenth Amendment. (*See* Compl. at 6.) The Due Process Clause of the Fourteenth Amendment provides, "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, amend. XIV § 1. This clause guarantees both procedural and substantive due process. The procedural due process component protects individuals against the deprivation of liberty or property by the government, while substantive due process protects individuals from the arbitrary deprivation of liberty by the government. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir.1993); *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir.2006).

A Section 1983 claim for a violation of procedural due process has three elements: "(1) a liberty or property or property interest protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of process." *Portman*, 995 F.2d at 904. Here, it is not clear what liberty or property interest Plaintiff believes was deprived. As a result, Plaintiff has not stated a cognizable claim for a deprivation of procedural due process.

With respect to substantive due process, the Supreme Court has stated that "where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright*, 510 U.S. at 274 (quoting *Graham v. Connor*, 490 U.S. 386, 395, (1989)). When a plaintiff asserts the right to be free from arrest and prosecution without probable cause, "substantive due process, with its 'scarce and open-ended' 'guideposts,' can afford him no relief." *Id.* at 275 (plurality) (internal citation omitted). The Ninth Circuit in *Awabdy v. City of Adelanto* confirmed that "[t]he principle that *Albright* establishes is that no substantive due process right exists under the Fourteenth

Amendment to be free from prosecution without probable cause." 368 F.3d 1062, 1069 (9th Cir. 2004) (citing *Albright*, 510 U.S. at 268, 271)). Thus, to the extent Plaintiff's false arrest claim is based on deprivation of his Fourteenth Amendment rights to substantive due process, it too is not cognizable. *See Hazlett v. Dean*, No. CIV 2:12–01782 WBS DAD, 2013 WL 1749924, at *2 (E.D. Cal. Apr. 23, 2013); *Chaffee v. Chiu*, No. C–11–05118–YGR, 2012 WL 1110012, at *6 (N.D. Cal. Apr. 2, 2012) (dismissing "generalized substantive due process claims under the Fourteenth Amendment" where the First and Fourth Amendments were "explicit textual sources of constitutional protection in this action.)

### H. Fifth and Sixth Amendment

Plaintiff appears to allege that unspecified defendants' conduct in arresting him violated his Sixth Amendment rights. Such allegations fail to state a viable claim predicated upon the Sixth Amendment. Here, because plaintiff essentially alleges that defendants falsely arrested him, such claims arise and are more properly analyzed under the Fourth and Fourteenth Amendments, respectively—not the Fifth or Sixth Amendments. *See, e.g., Braden v. Los Angeles Police Dep't*, Case No. CV 16–7633 JVS(JC), 2017 WL 78467, at *5 (C.D. Cal. Jan. 9, 2017) (dismissing false arrest and excessive force claims predicated on the Fifth and Sixth Amendments) (citing *Albright*, 510 U.S. at 273). Indeed, the complaint does not allege any facts that would plausibly support a viable Sixth Amendment claim against any defendant.

### I. *Heck* Bar

While the record does not contain enough information for the Court to make a conclusive determination, it is likely that Plaintiff's Section 1983 claims are barred by *Heck*. When a prisoner challenges the legality or duration of his custody or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). To recover damages under Section 1983 for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87. A claim for damages challenging a conviction or sentence that has not been so invalidated is not cognizable under Section 1983. *Id.* at 487. When a prisoner seeks damages in a Section 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

*Heck* generally bars claims challenging the validity of an arrest, prosecution or conviction. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (*Heck* barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*Heck* barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him). It also bars claims which "necessarily imply" the invalidity of a conviction. *See, e.g., Valdez v. Rosenbaum*, 302 F.3d 1039, 1049 (9th Cir.2002) (prisoner's Sixth Amendment claim of denial of access to counsel while a pretrial detainee barred by *Heck* because claim would necessarily imply invalidity of subsequent conviction).

A claim for use of excessive force during the course of an arrest may not necessarily imply the invalidity of the arrest or conviction and therefore may not be barred by *Heck*. *See Cabrera*, 159 F.3d at 380; *Smithart*, 79 F.3d at 952–53; *compare Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir. 2001) (when a civil rights complaint, brought by a person convicted of resisting arrest, alleges facts indicating that the officer used excessive force after the arrest, the complaint is not barred by *Heck*), *with Cunningham v. Gates*, 312 F.3d 1148, 1153–55 (9th Cir. 2003) (where the plaintiff was convicted of felony murder for provoking police gunfire that killed his associate, plaintiff's claim that the police either started firing first or deliberately created a dangerous situation that provoked the plaintiff into firing necessarily implied the invalidity of the conviction).

Based on Plaintiff's current address at the Fresno County Jail, it appears Plaintiff is currently in custody following conviction for a crime. Plaintiff's claims therefore may be barred by *Heck*.

13

However, the Court cannot determine from the current allegations whether the claims are *Heck*-barred. In other words, the Court cannot determine whether or not Plaintiff was convicted for a crime arising out of the same facts alleged in this action. Accordingly, an opportunity to amend will be granted. Any such amendment must include not only the factual grounds for Plaintiff's claims, but also whether Plaintiff was convicted for a crime related to the events in this action and, if so, whether any such conviction has been overturned or invalidated.

### J. Municipal Liability (*Monell)* Claim

Plaintiff names as a defendant "Police Chief John Doe," chief of the Fresno Police Department. (Compl. at 3.) Plaintiff's complaint contains no allegations against this defendant. To the extent that Plaintiff intends to bring a claim against the Chief of Fresno Police in his official capacity, the Court shall treat it as a claim against the City of Fresno. *See Contreras, ex rel. Contreras v. Cty. of Glenn*, 725 F. Supp. 2d 1157, 1159–60 (E.D. Cal. 2010) (Section 1983 claims against government officials in their official capacity "are really suits against the government employer because the employer must pay any damages awarded. In such, the real party in interest is the entity for which the official works.") (citation omitted). *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity.").

Local governments, such as the City of Fresno, are "persons" subject to liability under Section 1983 where official policy or custom causes a constitutional tort. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). To impose municipal liability under Section 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted).

"A local government entity cannot be held liable under [Section] 1983 unless the plaintiff

alleges that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized [governmental] policy." *Ortez v. Washington Cty., State of Or.*, 88 F.3d 804, 811 (9th Cir. 1996) (citation and quotations omitted) (alteration in original). "[L]ocal governments, like any other [Section] 1983 'person,' . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell*, 436 U.S. at 690–91. A conclusory allegation regarding the existence of a policy or custom unsupported by factual allegations is insufficient to state a *Monell* claim.[2] *See Save CCSF Coalition v. Lim*, No. 14–cv–05286–SI, 2015 WL 3409260, at *13 (N.D. Cal. May 27, 2015) (unspecific allegation regarding municipal defendant's use of force policy insufficient to identify a relevant policy or custom under *Monell*); *Telles v. City of Waterford*, No. 1:10–cv–00982–AWI–SKO, 2010 WL 5314360, at *4 (E.D. Cal. Dec. 20, 2010) (to sufficiently state a claim under *Monell*, a plaintiff must allege facts establishing a policy or establishing a lack of training; it is not enough simply to state that there is a policy or allege a lack of training or supervision); *Jenkins v. Humboldt Cty.*, H.C.C.F., No. C 09-5899 PJH, 2010 WL 1267113, at *3 (N.D. Cal. Mar. 29, 2010) (same); *Smith v. Cty. of Stanislaus*, No. 1:11–cv–01655–LJO–SKO, 2012 WL 253241, at *3 (E.D. Cal. Jan. 26, 2012) (same).

     A local governmental entity may also "be liable if it had a policy or custom of failing to train its employees and that failure to train caused the constitutional violation." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 123 (1992). "In particular . . . the inadequate training of police officers could be characterized as the cause of the constitutional tort if—and only if—the failure to train amounted to 'deliberate indifference' to the rights of persons with whom the police come into contact." *Id.* (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)). "A municipality's culpability for deprivation of rights is at its most tenuous where the claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). To state a cognizable claim, a plaintiff must allege specific facts supporting the conclusion that the municipal entity had actual or constructive notice that their training program (or lack thereof) resulted in their employees' violating citizens' federal

---

[2] The Court's prior screening order advised Plaintiff that, in re-pleading his municipal liability claim against Defendant City of Tulare, he "be careful to allege the specific policy, custom or practices that he contends give rise to liability." (Doc. 56 at 8.)

15

constitutional rights and that the municipality made a deliberate choice to train (or not to train) its employees as a deliberate decision drawn from its consideration of various alternatives.

Plaintiff's complaint alleges that Section 1983 liability exists because because of customs, practices, and policies of "allowing police officers to cover up excessive use of force" and "allowing an ongoing pattern of deliberate indifference" to the rights to be free from excessive force and unreasonable seizures. (Compl. at 7.) The allegation of a cognizable claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555–56. No factual allegations in Plaintiff's complaint support the conclusory allegations that the City of Fresno had unconstitutional customs, practices, or policies. A conclusory allegation regarding the existence of a policy or custom unsupported by factual allegations is insufficient to state a *Monell* claim. *See Save CCSF Coalition v. Lim*, No. 14–cv–05286–SI, 2015 WL 3409260, at *13 (N.D. Cal. May 27, 2015) (unspecific allegation regarding municipal defendant's use of force policy insufficient to identify a relevant policy or custom under *Monell*); *Telles v. City of Waterford*, No. 1:10–cv–00982–AWI–SKO, 2010 WL 5314360, at *4 (E.D. Cal. Dec. 20, 2010) (to sufficiently state a claim under *Monell*, a plaintiff must allege facts establishing a policy or establishing a lack of training; it is not enough simply to state that there is a policy or allege a lack of training or supervision); *Jenkins v. Humboldt Cty.*, H.C.C.F., No. C 09-5899 PJH, 2010 WL 1267113, at *3 (N.D. Cal. Mar. 29, 2010) (same); *Smith v. Cty. of Stanislaus*, No. 1:11–cv–01655–LJO–SKO, 2012 WL 253241, at *3 (E.D. Cal. Jan. 26, 2012) (same). Plaintiff has not alleged any facts explaining, for example, how the City of Fresno's policy or custom was deficient, how it caused the alleged harm, and how the infirmity of the custom or policy was so obvious that policymakers were on notice that the constitutional injury was likely to occur. *See Flores v. Cty. of Los Angeles*, 758 F.3d 1154, 1157 n.8 (9th Cir. 2014); *Starr*, 652 F.3d at 1207–08, 1216–17.

Nor has Plaintiff stated a cognizable claim against the City of Fresno for failure to train its police officers. The complaint alleges nothing more than a completely unsupported legal conclusion that "Defendants" "failed to provide criteria for the use of excessive and unnecessary force." (Compl. at 7.) The complaint also fails to allege sufficient facts to support a finding that the City of Fresno was deliberately indifferent because it does not allege any prior similar incidents. *See*

16

*Connick*, 563 U.S. at 63–64. Leave to amend is granted so that Plaintiff may attempt to allege a *Monell* claim against the City of Fresno that is not barred by *Heck*, above. Plaintiff must be careful to allege the specific policy, custom or practices that he contends give rise to liability.

### K. State Law Claims

Plaintiff attempts to state a number of state law claims, addressed in turn below. Although none are cognizable as currently pled, leave to amend will be granted so Plaintiff may attempt to cure the deficiencies.

#### 1. California Constitutional Claims

Plaintiff seeks damages for violations of Article 1, Sections 1 (right to privacy) and 7 (due process clause) of the California Constitution. Initially, Plaintiff is not entitled to damages for a violation of the due process clause of the state constitution. *Carlsbad Aquafarm, Inc. v. State Dep't of Health Servs*., 83 Cal.App.4th 809, 823 (Ct. App. 2000) (due process); *see also Brown v. County of Kern*, No. 1:06–cv–00121–OWW–TAG, 2008 WL 544565, *17 (E.D. Cal. Feb. 26, 2008) (plaintiff may not seek damages directly under Article 1, Sections 7 of the California Constitution).

Article I, section 1 of the California Constitution does permit a private right of action to enforce the right of privacy. *See, e.g., In re Qawi*, 32 Cal.4th 1, 14 (2004) (considering a claim for violation of the right to privacy under the California Constitution). It is unclear, however, what claim Plaintiff is attempting to articulate under Article I and against which defendant. In order to state a claim, Plaintiff will need to articulate what his specific claim is under Article I, section 1 of the California Constitution, and specify which defendant(s) is allegedly liable for that claim.

#### 2. Causes of Action Under the California Civil Code

##### a. California Tort Claims Act ("CTCA") and Immunity

As a preliminary matter, Plaintiff is advised that the CTCA requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950 950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1245 (2004); *Mangold v.*

*California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). In other words, to state a tort claim against a public entity or public employee, a plaintiff must allege compliance with the Tort Claims Act. *State v. Superior Court of Kings County*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988). *Cf. Williams v. City of Antioch*, No. C 08-02301 SBA, 2010 WL 3632199, at *5 (N.D. Cal. Sept. 2, 2010) (finding that Plaintiff's Bane Act claim was subject to the claim presentation requirement of the Government Tort Claims Act). Plaintiff is advised that failure to plead compliance with the CTCA for the state law tort claims in any amended complaint may result in dismissal of those causes of actions.

Many of the named Defendants may also be immune from suit for the state law claims under California Government Code § 821.6, which provides "a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Nevertheless, the Court will provide Plaintiff with standards for his state law claims in an abundance of caution. However, Plaintiff is again advised that he should only allege these causes of action if he believes in good faith that he can assert a cognizable claim.

### b. California Civil Code §§ 43 and 52.1

Plaintiff refers to California Civil Codes sections 43 and 52.1 in his complaint.[3] (See Compl. at 6.) Section 43 sets forth a statement of general personal rights and creates a statutory rubric from which personal tort actions spring. To establish a claim of assault and battery, a plaintiff must establish that (1) the defendant touched the plaintiff, intending to harm him, (2) the plaintiff did not consent to be touched, (3) the plaintiff was injured by the defendant's touch, and (4) the officer used excessive force. *Boyd v. City of Oakland*, 458 F. Supp. 2d 1015, 1051–52 (N.D. Cal. 2006). Allegations that Defendant Laird tased Plaintiff, and that Defendants Laird and Santiago were "kicking and kneeing" him, could potentially constitute the tort of battery or be determined to have caused "bodily harm" under Civil Code § 43. It is unclear, however, whether Plaintiff attempts to state such a claim against any of the other named defendants, as he has not linked any specific

---

[3] Plaintiff also cites California Civil Code section 51, also known as the Unruh Civil Rights Act, which applies only to "business establishments." Cal. Civ. Code § 51. Nothing in the complaint suggests that any of the named defendants meet the "business establishment" in this action.

18

allegations to any other defendants.

Section 52.1 ("the Bane Act") establishes a private right of action for an "individual whose exercise of enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of [California], has been interfered with by "threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion." Cal. Civ. Code § 52.1(a).; *Austin B. v. Escondido Union School District*, 149 Cal. App. 4th 860, 881 (2007). The act requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998). Thus, to state a claim under the Bane Act, Plaintiff must establish: (1) Defendants interfered with Plaintiffs' constitutional or statutory rights; and (2) that interference was accompanied by actual or attempted threats, intimidation, or coercion. *See Venegas v. County of Los Angeles*, 32 Cal 4th 820, 842-843 (2004). Plaintiff's complaint fails to state a Bane Act claim because it contains no specific factual allegations that any specified defendant had engaged in any threats, intimidation or coercion in their actions as during the subject incident.

### 3. Jurisdiction of State Law Claims

Finally, Plaintiff is advised that federal courts can only adjudicate civil cases authorized by the United States Constitution and Congress. Generally, this includes cases in which: 1) diversity of citizenship is established (the matter in controversy exceeds $75,000 and is between citizens of different states), 2) a federal question is presented, or 3) the United States is a party. *See* 28 U.S.C. §§ 1331 and 1332; *see also Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

If Plaintiff is unable to state a cognizable federal claim, such as a Section 1983 claim, the only way Plaintiff would be able to bring a civil state law claim in federal court is to establish complete diversity of citizenship, which would require that the parties are citizens of different states. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Here, Plaintiff and all Defendants are citizens of California. Therefore, diversity of citizenship cannot be established and this Court cannot adjudicate his state law claims unless Plaintiff states a cognizable federal claim.

### III. CONCLUSION AND ORDER

At this juncture, the Court cannot determine whether Plaintiff's complaint states a

19

cognizable federal claim and, even if so, whether such claim is barred by *Heck*. As noted above, the Court will provide Plaintiff with an opportunity to amend his claims and cure, to the extent possible, the identified deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220, Local Rules of the United States District Court, Eastern District of California.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted leave to file a first amended complaint;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and
3. Within twenty-one (21) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order, or a notice of voluntary dismissal.

**If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed for failure to state a claim and to obey a court order.**

IT IS SO ORDERED.

Dated: **December 11, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE