# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER,<br>　　　　　Plaintiff,<br>　v.<br>POLICE CHIEF JOHN DOE, et al.,<br>　　　　　Defendants. | CASE NO. 1:19-cv-01546-NONE-SKO<br>**SECOND SCREENING ORDER**<br>**(Doc. 1)**<br>**21-DAY DEADLINE** |

## I.　　INTRODUCTION

Plaintiff Harold Walker, proceeding pro se and *in forma pauperis*, filed a civil rights complaint against the City of Fresno, eight officers of the Fresno Police Department and three employees of Grocery Outlet on October 31, 2019. (Doc. 1.) In his original Complaint, attempted to plead claims for "making false statement[s] to police," false arrest, "false prosecution," excessive force, and municipal liability in violation of his Fourth and Fourteenth Amendment rights and rights under the California Constitution. (*Id*. at 5–7.) On December 12, 2019, the Complaint was screened and the undersigned found that Plaintiff's Complaint failed to state a cognizable federal claim. (Doc. 5.) Plaintiff was provided with the applicable legal standards so that he could determine if he would like to pursue his case and was granted twenty-one (21) days leave to file an amended complaint curing the pleading deficiencies identified in the order. (*Id*.)

After the Court granted an extension of time (*see* Doc. 8), Plaintiff filed his First Amended Complaint on January 30, 2020. (Doc. 10 ("First Am. Compl.").) As with his original Complaint, Plaintiff has not stated any cognizable claims and added an additional claim for "denial of medical care." Because he may be able to correct the deficiencies in his pleading on a few of his claims, Plaintiff is granted **<u>one final opportunity</u>** to amend his allegations. Thus, Plaintiff is provided the pleading requirements and legal standards under which his claims in a second amended complaint will be analyzed.

### A. Screening Requirement and Standard

The Court is required to screen complaints in cases where the plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 28 U.S.C. § 1915(e)(2)(B). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

The Court's screening of the complaint is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what Plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### B. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since Plaintiff is appearing *pro se*, the Court must construe the allegations of his complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted).

### 2. Linkage Requirement

Title 28 U.S.C. § 1983 ("Section 1983") requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of [S]ection 1983, if she does an affirmative act, participates in another's affirmative acts or omits to perform an act which she is legally required to

do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). To state a claim for relief under Section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Plaintiff must clearly identify which Defendant(s) he believes are responsible for each violation of his constitutional rights and the supporting factual basis because his complaint must put each Defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

## II. DISCUSSION

### A. Plaintiff's Allegations

Plaintiff alleges that on the evening of September 22, 2019, after purchasing items at Grocery Outlet store, he was approached in the parking lot by Defendant Andrew Mena, the manager of Grocery Outlet, and was accused of shoplifting items from the store. (First Am. Compl. ¶ 18.) Plaintiff denied Defendant Mena's accusation, then returned inside the store and spoke with a Grocery Outlet cashier. Plaintiff was told by the cashier to wait to speak with Defendant Mena. (*Id*.) After waiting thirty minutes, Defendant Mena informed Plaintiff that he had called the police. (*Id*.)

Plaintiff alleges Defendants Fresno police officers "responded and immediately commenced to subdue" Plaintiff. (First Am. Compl. ¶ 18.) According to Plaintiff, the police officers' communications with Grocery Outlet employees "compelled the officer[s] to decide it was not necessary to interview [him]" before subduing him "on their arriv[al]." (*Id*.) Plaintiff alleges that he was ordered to place his hands above his head and before responding was "immediately tased." (*Id*.) According to Plaintiff, after being tased the unnamed "defending officer" threw him on the ground, landing on his head. (*Id*.) Plaintiff alleges he was kicked and kneed in the back "multiple times" in the parking lot of the Grocery Outlet store. (*Id*.)

According to Plaintiff, after being tased he was "immobile and in obvious and critical need of emergency medical care and treatment." (First Am. Compl. ¶ 20.) Although Defendants apparently did summon medical care for Plaintiff, he was "removed" from that care causing "extreme physical and emotional pain and suffering." (*Id*.) At some point he also fell from a

4

gurney while handcuffed. (*Id.*) Plaintiff alleges he was thereafter placed into custody of the Fresno County Jail. (*Id.*) Plaintiff further pleads that he filed a "claim for damages" with the City of Fresno on February 12, 2016, which was rejected on March 21, 2016. (*Id.* ¶¶ 24–25.)

Finally, Plaintiff alleges that at the time of the above-described incident, Defendant City of Fresno had "ratified" Defendants' actions, and further that the City had not adequately trained Defendant Fresno police officers and it maintained "unconstitutional customs, practices, and policies." (First Am. Compl. ¶¶ 56, 57, 66, 67, 75)

Plaintiff asserts eleven cases of action in his First Amended Complaint: (1) false arrest in violation of the Fourth Amendment and Section 1983 against "Doe" Defendants Fresno police officers; (2) unreasonable and excessive use of force in violation of the Fourth Amendment and Section 1983 against "Doe" Defendants Fresno police officers; (3) denial of medical care in violation of the Fourth Amendment and Section 1983 against "Doe" Defendants Fresno police officers; (4) substantive due process in violation of the Fourteenth Amendment and Section 1983 against "Doe" Defendants Fresno police officers; (5) municipal liability ("ratification") against Defendant City of Fresno; (6) municipal liability (inadequate training) against Defendant City of Fresno; (7) municipal liability (unconstitutional custom or policy) against Defendant City of Fresno; (8) false arrest under California law against Defendant City of Fresno and "Doe" Defendants Fresno police officers; (9) battery against Defendant City of Fresno and "Doe" Defendants Fresno police officers; (10) negligence against all defendants; and (11) violation of Cal. Civil Code § 52.1 against all defendants.

**B.  Claims Against Fresno Police Officer Defendants**

Plaintiff also fails to state a claim against Defendants Police Chief Andy Hall, J. Garcia, Jason Laird, Adam Estrada, Joe Arellano, Primitiv Diaz, and Janet May, who he alleges are all employees of the Fresno Police Department. (First. Am. Compl. ¶¶ 61, 75.) Although these individuals are each named as defendants in the First Amended Complaint, Plaintiff fails to identify which of the defendant(s) he believes are responsible for each violation of his constitutional rights and the supporting factual basis for his claims, so as to put each defendant on notice of Plaintiff's claims against him or her. (*See, e.g.*, First Am. Compl. ¶¶ 28–30 (referring to

5

"Doe Officers" and "Defendants Fresno City PD Officers").) Even if Plaintiff had pleaded sufficient facts showing an actual connection or link between the actions of the defendants and the alleged constitutional deprivation, however, most of his claims are barred by pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), explained below.

### C. The *Heck* Doctrine

#### 1. Legal Standard

*Heck* precludes a Section 1983 claim based on actions which would "render a conviction or sentence invalid" where that conviction has not been reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 487–88. "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). "Consequently, the relevant question is whether success in a subsequent 1983 suit would "necessarily imply" or "demonstrate" the invalidity of the earlier conviction or sentence . . . ." *Beets v. County of LA*, 669 F.3d 1038, 1042 (9th Cir. 2011) (quoting *Heck*, 512 U.S. at 487).

#### 2. Analysis

The *Heck* doctrine appears to apply in this instance. The Court takes judicial notice of the court docket for the matter of *People v. Walker*, Case No. F19906498.[1] Based on the docket, it appears that Plaintiff entered a plea of nolo contendere to a violation of California Penal Code § 69 on November 22, 2019.[2] A plea of nolo contendere or "no contest" has the same effect as a guilty plea or other conviction for the purposes of applying the Heck doctrine. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610, 612 (9th Cir. 2011) (no contest plea to felony weapons possession barred later civil action alleging illegal search); *Nuno v. County of San Bernardino*, 58 F. Supp. 2d

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal–Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th. Cir. 1980).

[2] This is in contrast to Plaintiff's First Amended Complaint, wherein he pleads that he was "eventually aguited [sic]" of all charges. (First Am. Compl. ¶ 37.)

6

1127, 1138–39 (C.D. Cal. 1999) (holding that *Heck* doctrine applies when plaintiff convicted by no contest plea). There is no suggestion that this conviction has been reversed, expunged, or otherwise called into question by the issuance of a habeas corpus writ. Because *Heck* applies, this Court shall evaluate the doctrine as it relates to Plaintiff's claims.

### a. False Arrest and False Imprisonment

Section 69 of the Penal Code provides, in pertinent part:

> Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon the officer by law, or who knowingly resists, by the use of force or violence, the officer, in the performance of his or her duty, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment pursuant to subdivision (h) of Section 1170, or in a county jail not exceeding one year, or by both such fine and imprisonment.

Cal. Penal Code § 69(a). To prove that a defendant is guilty of violating this section, the prosecution must prove the officer was acting lawfully at the time of the violation. *People v. Cruz*, 44 Cal. 4th 636, 673 (2008) ("[I]t is a well-established rule that when a statute makes it a crime to commit any act against a peace officer engaged in the performance of his or her duties, part of the corpus delicti of the offense is that the officer was acting lawfully at the time the offense was committed.") (quotation marks omitted). This is also reflected in the Judicial Council of California Criminal Jury Instruction, which states that to prove a Section 69 violation, "the People must prove that: . . . When the defendant acted, the officer was performing (his/her) lawful duty." JUDICIAL COUNCIL OF CALIFORNIA CRIMINAL JURY INSTRUCTION 2652 (2019).

Here, Plaintiff bases his false arrest and false imprisonment claims on allegations that Defendants Fresno police officers detained him "with false reporting and thus no probable cause." (First Am. Compl. ¶ 27. *See also id*. ¶ 80.) The claims that the officers were acting unlawfully when he was arrested—by detaining and imprisoning him without probable cause—are barred by the *Heck* rule because a finding in this action that there was not probable cause to arrest or detain Plaintiff would undermine the validity of his conviction for violating California Penal Code section 69. *Heck* therefore bars Plaintiff's false arrest and false imprisonment claims.[3] *See*

---

[3] Even though Plaintiff brings his false imprisonment claim under state law (*see* First Am. Compl. ¶¶ 81–88), the *Heck* analysis remains the same. *See Heck*, 512 U.S. at 486–487 (holding that a section 1983 plaintiff is barred from recovering damages for "unconstitutional conviction or imprisonment" as well as "*for other harm* caused by actions

*Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); *Cabrera*, 159 F.3d at 380 (*Heck* barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); *Smithart*, 79 F.3d at 952 (*Heck* barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him).

### b. Section 1983 Excessive Force and State Law Battery

The *Heck* doctrine does not bar all Section 1983 and related state law claims based on an underlying state criminal conviction. An "allegation of excessive force by a police officer would not be barred by *Heck* if it were distinct temporally or spatially from the factual basis for the person's conviction." *Beets*, 669 F.3d 1038, 1042 (citing *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (en banc)).

Here, Plaintiff's excessive force and battery claims are based on the following allegations: upon arrival, Defendants Fresno police officers "immediately commenced to subdue" him (First Am. Compl. ¶ 18); Plaintiff was ordered to place his hands above his head and before responding was "immediately tased" (*id.*); Defendants Fresno police officers threw him on the ground, landing on his head (*id.*); Plaintiff was kicked and kneed in the back "multiple times" (*id.*); Defendants Fresno police officers caused him to fall off a gurney face down with handcuffs on (*id.* ¶ 40); Plaintiff was "shot . . . multiple times, including in the back" (*id.* ¶ 90.).

As set forth above, "[i]n California, the lawfulness of the officer's conduct is an essential element of the offense of resisting, delaying, or obstructing a peace officer." *Smith*, 394 F.3d at 695 (citing *People v. Curtis*, 70 Cal. 2d 347, 354–56, 357 n.9 (1969); *Susag v. City of Lake Forest*, 94 Cal. App. 4th 1401, 1409 (2002)). "If the officer was not performing his or her duties at the time of the arrest, the arrest is unlawful and the arrestee cannot be convicted under [a resisting arrest statute]." *Id*. "Excessive force used by a police officer at the time of the arrest is not within

---

whose unlawfulness would render a conviction or sentence invalid")(emphasis added); *see also Hainze v. Richards*, 207 F.3d 795 (holding that a section 1983 plaintiff's state law claims for assault and battery were barred by *Heck* ); *Susag v. City of Lake Forest*, 94 Cal. App. 4th 1401, 1412–13 (2002)(holding *Heck* applicable to section 1983 plaintiff's state law claims for assault and false imprisonment).

the performance of the officer's duty." *Smith*, 394 F.3d at 696 (citing *People v. Olguin*, 119 Cal. App. 3d 39 (1981)) ("An arrest made with excessive force is equally unlawful. '[It] is a public offense for a peace officer to use unreasonable and excessive force in effecting an arrest.'"); *People v. White*, 101 Cal. App. 3d 161, 167 (1980) ("Thus, in the present case it becomes essential for the jury to be told that if they found the arrest was made with excessive force, the arrest was unlawful and they should find the defendant not guilty of those charges which required the officer to be lawfully engaged in the performance of his duties.").

Based on this authority, success on a claim of excessive force would necessarily imply the invalidity of the conviction, because Plaintiff could not have been lawfully convicted of California Penal Code section 69 if the police officers used excessive force during the time of the arrest. However, in *Smith*, the Ninth Circuit made clear that a claim of excessive force based on actions that took place either before or after the time of the arrest would be temporally distinct from the arrest and would not necessarily imply the invalidity of the arrest. 394 F.3d at 696. Only excessive force used at the time of the arrest would necessarily imply the invalidity of the arrest. Thus, excessive force and battery claims based on these actions either before or after the "time of the arrest" would not be barred by *Heck*. *See id.*

Here, it is not clear from the First Amended Complaint whether Plaintiff's excessive force allegations pertain to events that occurred before, during, or after the time of his arrest.[4] (*Compare, e.g.*, First Am. Compl. ¶ 18 *with* ¶ 40.) For example, Plaintiff's excessive force and battery claims would not barred by *Heck* to the extent that Plaintiff alleges facts showing police officers used excessive force or committed battery against him either before or after the time of the arrest. However, these claims are not cognizable under *Heck* to the extent that Plaintiff alleges

---

[4] Nor can the Court, based on the record before it, ascertain the asserted alleged facts of Plaintiff's underlying conviction of Section 69, so as to determine whether Plaintiff's excessive force allegations are temporally distinct from the facts that form the basis of the underlying conviction. *See Smith*, 394 F. 3d at 696 n.5 ("[W]here a § 1983 plaintiff has pled guilty or entered a plea of nolo contendere . . . it is not necessarily the case that the factual basis for his conviction included the whole course of his conduct. In the case of a guilty plea or plea of nolo contendere, as the dissent acknowledges, a defendant is free to admit having committed a specific act or acts of resistance, delay, or obstruction, to identify the particular acts of unlawfulness to which he is willing to plead, and to deny that he engaged in other specific acts. Because Smith pled guilty rather than being convicted by a jury, it is entirely possible that, as he contends, his plea was based on only those actions that served to obstruct the officers' investigation, all of which occurred prior to, rather than at the time of, the arrest.").

9

that the officers used excessive force or committed battery at the time of the arrest.[5] Should Plaintiff chose to amend his complaint, he must plead the temporal basis for his Section 1983 excessive force and state law battery allegations.

### c. Municipal Liability (*Monell*) Claims

The factual basis for Plaintiff's Section 1983 municipal liability claims against Defendant City of Fresno is not clear, as his claims are little more than a recitation of the elements of the cause of action. (*See* First Am. Compl. ¶¶ 53–80). Construing the allegations in the light most favorable to Plaintiff, it appears these claims arise from the same false arrest and excessive force allegations set forth above. To the extent these claims are based on his contention that he was falsely arrested, or that excessive force was applied at the time of his arrest, these claims are also barred by *Heck* and therefore not cognizable. *See, e.g*, *Foley v. Kaldenbach*, Case No. 15-cv-1627-CAB-AGS, 2018 WL 325027, at *3 (S.D. Cal. Jan. 8, 2018) ("As Foley's municipality-based claims all arise from the same [*Heck*-barred] excessive-force and fabrication allegations, his action against the City of Oceanside must also be dismissed."); *Larin v. Cty. of Santa Barbara*, Case No. CV 15-2734-GW (SP), 2016 WL 9244021, at *7 (C.D. Cal. Dec. 13, 2016) ("[P]laintiff's Monell and supervisory liability claims are in any event barred because under *Heck* he cannot demonstrate an underlying constitutional violation.").

Moreover, should Plaintiff choose to amend his complaint to specify the temporal basis for his excessive force allegations underlying his *Monell* claims against Defendant City of Fresno, he is also required to plead specific *facts*, outside of the subject incident, from which to infer that Defendant City of Fresno ratified, or systematically condones or endorses, the excessive use of force. Plaintiff must also allege specific *facts* supporting the conclusion that Defendant City of Fresno had actual or constructive notice that their training program (or lack thereof) resulted in their employees' violating citizens' federal constitutional rights and that it made a deliberate choice to train (or not to train) its employees as a deliberate decision drawn from its consideration of various alternatives. Conclusory allegations as those put forth by Plaintiff, without specific

---

[5] That Plaintiff's battery claim is brought under state law is of no consequence. *See, e.g*., *Yount v. Sacramento*, 43 Cal.4th 885, 902 (2008) (finding no "reason to distinguish between section 1983 and a state tort claim arising from the same alleged misconduct" and dismissing battery claim based on Heck reasoning).

10

supporting facts, are implausible. *See Alston v. Cty. of Sacramento*, No. CIV S–11–2281 GEB GGH PS, 2012 WL 2839825, at *8 (E.D. Cal. July 10, 2012), *report and recommendation adopted*, No. 2:11-CV-2281 GEB GGH, 2012 WL 3205142 (E.D. Cal. Aug. 3, 2012). *See also Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level.").

### D. Denial of Medical Care

In a newly-added claim, Plaintiff pleads that the denial of medical care by Defendants Fresno police officers deprived him of his "right to be secure in his person against unreasonable searches and seizures as guaranteed to [him] under the Fourth Amendment." (First Am. Compl. ¶ 39.) The Fourteenth Amendment—not the Fourth Amendment—protects the right of a pretrial detainee who has neither been charged nor convicted of a crime to receive necessary medical care for treatment and injuries. *See Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003); *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002); *see also Dean v. City of Fresno*, 546 F. Supp. 2d 798, 811 (E.D. Cal. 2008) (applying Fourteenth Amendment to denial of medical care claim made by arrestee). While a pretrial detainee's right to be free from punishment is grounded in the Fourteenth Amendment, courts borrow from Eighth Amendment case law when analyzing the rights of pretrial detainees. *See Pierce v. County of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008); *Johnson v. Meltzer*, 134 F.3d 1393, 1398 (9th Cir. 1998) (Eighth Amendment establishes minimum standard of care for pretrial detainees).

To state a claim for a constitutional violation arising from deficient medical care, a plaintiff must plead that the defendants were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A finding of deliberate indifference involves the examination of two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's responses to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *rev'd on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d. 1133 (9th Cir. 1997). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant

injury or the 'unnecessary and wanton infliction of pain.'" *Id*. (citing *Estelle*, 429 U.S. at 104). Examples of conditions that are "serious" in nature include "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id*. at 1059–60; *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *McGuckin* and finding that inmate whose jaw was broken and mouth was wired shut for several months demonstrated a serious medical need).

If the medical needs are serious, a plaintiff must show that the defendant acted with deliberate indifference to those needs. *Estelle*, 429 U.S. at 104. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference entails something more than medical malpractice or even gross negligence. *Id*. Inadvertence, by itself, is insufficient to establish a cause of action under Section 1983. *McGuckin*, 974 F.2d at 1060. Instead, deliberate indifference is only present when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [prison] official must both be aware of the facts which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also McGuckin*, 974 F.2d at 1059. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment" or the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner. *Hunt v. Dental Dep't*., 865 F.2d 198, 201 (9th Cir. 1989) (internal quotation marks and citation omitted). Where delay in receiving medical treatment is alleged, a prisoner must demonstrate that the delay led to further injury. *McGuckin*, 974 F.2d at 1060.

Here, Plaintiff alleges that Defendant Fresno police officers "caus[ed] him to fall off a gurney face down with handcuffs on" (First Am. Compl. ¶¶ 40, 41) and, although Defendants "did summon medical care or permit medical personnel to treat" Plaintiff, he thereafter was "removed" from medical care, causing extreme physical and emotional pain and suffering (*id*. ¶ 20.) Such allegations fall far short of the requisite deliberate indifference to state a claim for inadequate medical care.

12

### E. Substantive Due Process

With respect to substantive due process, the Supreme Court has stated that "where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright*, 510 U.S. at 274 (quoting *Graham v. Connor*, 490 U.S. 386, 395, (1989)). When a plaintiff asserts the right to be free from arrest and prosecution without probable cause, "substantive due process, with its 'scarce and open-ended' 'guideposts,' can afford him no relief." *Id.* at 275 (plurality) (internal citation omitted). The Ninth Circuit in *Awabdy v. City of Adelanto* confirmed that "[t]he principle that *Albright* establishes is that no substantive due process right exists under the Fourteenth Amendment to be free from prosecution without probable cause." 368 F.3d 1062, 1069 (9th Cir. 2004) (citing *Albright*, 510 U.S. at 268, 271)).

Here, the factual basis for Plaintiff's substantive due process claim is unclear, as he refers generally to "aforementioned actions" by Defendants. (*See* First Am. Compl. ¶ 48.) Should Plaintiff choose to amend his complaint, he shall plead ***facts*** supporting this claim. Plaintiff is advised that to the extent that this claim is based on the same facts as those of his underlying criminal conviction that would necessarily imply the invalidity of the conviction, it is barred by *Heck*, as explained above.

### F. State Law Claims

As discussed above, Plaintiff's state law false arrest claim is not cognizable, and his state law battery claim is not cognizable to the extent it is based on events occurring at the time of the arrest. This is also true with respect to his claims for negligence and California Civil Code 52.1 ("Bane Act").

In addition, Plaintiff was advised in the Court's first screening order that the California Tort Claims Act (CTCA) requires that his state law claims against Defendant City of Fresno and Defendants Fresno police officers be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. (*See* Doc. 5 at 17–18.) Plaintiff was further advised that

failure to plead compliance with the CTCA for these claims may result in dismissal. (*See id*.) Here, Plaintiff has still not pleaded compliance with the CTCA for these claims.[6]

Lastly, Plaintiff is again advised that his state law claims against Grocery Store outlet employee Defendants Arreola and Mena can only be maintained in federal court if Plaintiff is able to state a cognizable federal claim, since diversity of citizenship cannot be established in this case. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.")

### III. CONCLUSION AND ORDER

Again, the Court cannot determine whether Plaintiff's complaint states a cognizable federal claim and, even if so, whether such claim is barred by *Heck*. As noted above, the Court will provide Plaintiff with **one final opportunity** to amend his claims and cure, to the extent possible, the identified deficiencies. *Lopez*, 203 F.3d at 1130. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). If Plaintiff no longer desires to pursue this action, he shall file a notice of voluntary dismissal.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant(s) did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220, Local Rules of the United States District Court, Eastern District of California.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted leave to file a second amended complaint; and

---

[6] Instead, Plaintiff pleads that he "filed a claim for damages with the City of Fresno" in 2016, three years before the subject incident is alleged to have occurred. (*See* First Am. Compl. ¶ 24.)

14

2. Within twenty-one (21) days from the date of service of this order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court in this order, or a notice of voluntary dismissal.

**If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed for failure to state a claim and to obey a court order.**

IT IS SO ORDERED.

Dated: **March 17, 2020**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE