# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER,<br>          Plaintiff,<br><br>    v.<br><br>POLICE CHIEF JOHN DOE, et al.,<br>          Defendants. | Case No. 1:19-cv-01546-NONE-SKO<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FOR FAILURE TO STATE A CLAIM**<br><br>**(Doc. 13)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Harold Walker, proceeding pro se and *in forma pauperis*, filed a civil rights complaint against the City of Fresno, eight officers of the Fresno Police Department and three employees of Grocery Outlet on October 31, 2019. (Doc. 1.) In his original Complaint, attempted to plead claims for "making false statement[s] to police," false arrest, "false prosecution," excessive force, and municipal liability in violation of his Fourth and Fourteenth Amendment rights and rights under the California Constitution. (*Id*. at 5–7.) On December 12, 2019, the Complaint was screened and the undersigned found that Plaintiff's Complaint failed to state a cognizable federal claim. (Doc. 5.) Plaintiff was provided with the applicable legal standards so that he could determine if he would like to pursue his case and was granted twenty-one (21) days leave to file an amended complaint curing the pleading deficiencies identified in the order. (*Id.*)

After the Court granted an extension of time (*see* Doc. 8), Plaintiff filed his First Amended Complaint on January 30, 2020. (Doc. 10 ("First Am. Compl.").) On March 17, 2020, the undersigned issued a second screening order finding that Plaintiff failed to state any cognizable claims and granted Plaintiff twenty-one days leave to file an amended complaint curing the pleading deficiencies identified in the order. (Doc. 13.) Plaintiff was served with the second screening order

on April 20, 2020.  (*See* Docket.)  Although more than the allowed time has passed since he was served with the second screening order, Plaintiff has failed to file an amended complaint or otherwise respond to the Court's order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is ORDERED to show cause, within twenty-one (21) days of the date of service of this order, why a recommendation should not issue for this action to be dismissed for Plaintiff's failure comply with the Court's March 17, 2020 second screening order, by not filing an amended complaint within the specified period of time and for failure to state a cognizable claim.**  Alternatively, within that same time period, Plaintiff may file an amended complaint or a notice of voluntary dismissal.  The Court further CAUTIONS Plaintiff that, if he fails to take action within twenty-one (21) days of the date of service of this order, the Court will recommend to the presiding district court judge that this action be dismissed, in its entirety.

The Court DIRECTS the Clerk to send a copy of this order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:  **May 19, 2020**                      /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE