# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>POLICE CHIEF JOHN DOE, et al.,<br><br>    Defendants. | Case No. 1:19-cv-01546-NONE-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO STATE A CLAIM**<br><br>**(Docs. 13, 14)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Harold Walker, proceeding pro se and *in forma pauperis*, filed a civil rights complaint against the City of Fresno, eight officers of the Fresno Police Department and three employees of Grocery Outlet on October 31, 2019. (Doc. 1.) In his original Complaint, attempted to plead claims for "making false statement[s] to police," false arrest, "false prosecution," excessive force, and municipal liability in violation of his Fourth and Fourteenth Amendment rights and rights under the California Constitution. (*Id*. at 5–7.) On December 12, 2019, the Complaint was screened and the undersigned found that Plaintiff's Complaint failed to state a cognizable claim. (Doc. 5.) Plaintiff was provided with the applicable legal standards so that he could determine if he would like to pursue his case and was granted twenty-one (21) days leave to file an amended complaint curing the pleading deficiencies identified in the order. (*Id*.)

After the Court granted an extension of time (*see* Doc. 8), Plaintiff filed his First Amended Complaint on January 30, 2020. (Doc. 10 ("First Am. Compl.").) On March 17, 2020, the undersigned issued a second screening order finding that Plaintiff failed to state any cognizable claims and granted Plaintiff twenty-one days leave to file an amended complaint curing the pleading

deficiencies identified in the order. (Doc. 13.) Plaintiff was served with the second screening order on April 20, 2020. (*See* Docket.) Although more than the allowed time passed since he was served with the second screening order, Plaintiff failed to file an amended complaint or otherwise respond to the Court's order.

On May 20, 2020, an order issued for Plaintiff to show cause ("OSC") within twenty-one days why the action should not be dismissed for his failure to comply with the Court's second screening order and for failure to state a claim. (Doc. 14.) Plaintiff was warned in both the screening order and the OSC that the failure to comply with the Court's order would result in a recommendation to the presiding district judge of the dismissal of this action. (*Id. See also* Doc. 13.) Plaintiff has not yet filed any response, and the time to do so has passed.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. *See also* Local Rule 183(a). "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with, or otherwise respond to, the second screening order and the OSC, there is no alternative but to dismiss the action for his failure to respond to/obey a court order, failure to prosecute, and failure to state a cognizable claim.

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed, with prejudice, for Plaintiff's failure to obey a court order, failure to prosecute this action, and failure to state a cognizable claim.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B).  **Within twenty-one (21) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   **June 17, 2020**                                        /s/ *Sheila K. Oberto*
                                                                                    UNITED STATES MAGISTRATE JUDGE

3